1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16

| | |
|---|---|
| VANCE LEE BAKER,<br><br>        Plaintiff,<br><br>    v.<br><br>MARGARET MIMS, et al.,<br><br>        Defendants. | CASE NO. 1:13-cv-01020-MJS<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF NO. 7)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |

17

**SCREENING ORDER**

18

**I.    PROCEDURAL HISTORY**

19
20

On July 2, 2013, Plaintiff Vance Lee Baker, a prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.  (ECF No. 1.) Plaintiff has consented to Magistrate Judge jurisdiction.  (ECF No. 4.)

21
22
23

On August 30, 2013, Plaintiff's Complaint was screened and dismissed, with leave to amend, for failure to state a cognizable claim.  (ECF No. 6.)  Plaintiff's First Amended Complaint (ECF No. 7) is now before the Court for screening.

24
25

**II.    SCREENING REQUIREMENT**

26
27

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

28

1

§ 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

**III.    SUMMARY OF FIRST AMENDED COMPLAINT**

The First Amended Complaint names the following officials at the Fresno County Jail as Defendants: (1) Margaret Mims, Sheriff; (2) Karen Nunez, Registered Nurse; and (3) Dr. Alfredo Ruvalcaba.

Plaintiff alleges the following:

On December 13, 2012, Plaintiff, confined in Fresno County Jail, filed an inmate medical request form seeking treatment for a large and painful growth on his stomach. (Compl. at 5.)  The growth was examined, Plaintiff was prescribed Ibuprofen, and a two week follow-up appointment was scheduled.  By April 9, 2013, five weeks had passed without further medical attention; Plaintiff filed an inmate grievance and medical care request.  (Id. at 4, 7.)  On May 5, 2013, Plaintiff filed a third medical request seeking treatment.  (Id. at 6.)

Plaintiff has submitted numerous medical care requests to treat a painful hernia. He has exhausted the inmate grievance process and still has not received treatment.

The Defendants have "delayed, denied, and intentionally interfered" with Plaintiff's medical care. (Id. at 3.)

## IV.    ANALYSIS

### A.    Section 1983

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

### B.    Linkage Requirement

Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978).

1    Government officials may not be held liable for the actions of their subordinates under a

2    theory of respondeat superior.  Iqbal, 129 S.Ct. at 1948.  Since a government official

3    cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must

4    plead sufficient facts showing that the official has violated the Constitution through his

5    own individual actions.  Id. at 1948.  In other words, to state a claim for relief under §

6    1983, Plaintiff must link each named defendant with some affirmative act or omission

7    that demonstrates a violation of Plaintiff's federal rights.

8         The amended complaint fails to link any individual with the alleged denial of

9    medical care.  Plaintiff contends that he has repeatedly been denied treatment for a

10   serious medical need and that all Defendants are responsible.  However, the pleading

11   provides no description or indication as to how each or any of the Defendants actually

12   denied Plaintiff treatment or actively participated in that denial.

13        The First Amended Complaint identifies individual Defendants but does not

14   describe how each of them violated Plaintiff's rights.  The mere fact that one or more of

15   the Defendants may have supervised the individuals responsible for a violation is not

16   sufficient to state a claim.  Defendants may only be held liable in a supervisory capacity

17   if they "participated in or directed the violations, or knew of the violations and failed to act

18   to prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

19        The Court previously identified this pleading deficiency and instructed Plaintiff that

20   to state a claim he must provide a summary of the events underlying the alleged

21   violations, describe how his rights were violated, and identify the individuals responsible.

22   The Court will grant Plaintiff **one final** opportunity to amend.  To state a claim under §

23   1983, Plaintiff must "set forth specific facts as to each individual defendant's" deprivation

24   of protected rights.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).  That is to

25   say, Plaintiff must explain in his own words exactly how each Defendant contributed to

26   the denial of medical care.  Plaintiff must offer specific examples of misconduct and

27   avoid overly broad or vague allegations.  If Plaintiff cannot describe how each Defendant

28   violated his rights, the Court will dismiss this action with prejudice.

1    The following section of this order sets out the legal standards the Court believes

2  may be applicable to Plaintiff's claim.

3    **C.    Eighth Amendment**

4    The Eighth Amendment's prohibition against cruel and unusual punishment

5  protects prisoners not only from inhumane methods of punishment but also from

6  inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th

7  Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v.

8  Chapman, 452 U.S. 337, 347 (1981)) (quotation marks omitted).  While conditions of

9  confinement may be, and often are, restrictive and harsh, they must not involve the

10  wanton and unnecessary infliction of pain.  Morgan, 465 F.3d at 1045 (citing Rhodes,

11  452 U.S. at 347) (quotation marks omitted).

12    Prison officials have a duty to ensure that prisoners are provided adequate

13  shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis,

14  217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every

15  injury that a prisoner sustains while in prison represents a constitutional violation,

16  Morgan, 465 F.3d at 1045 (quotation marks omitted).  To maintain an Eighth

17  Amendment claim, inmates must show deliberate indifference to a substantial risk of

18  harm to their health or safety.  Farmer, 511 U.S. at 847.

19    For claims arising out of medical care in prison, Plaintiff "must show [1] a serious

20  medical need by demonstrating that failure to treat [his] condition could result in further

21  significant injury or the unnecessary and wanton infliction of pain," and (2) that "the

22  defendant's response to the need was deliberately indifferent."  Wilhelm v. Rotman, 680

23  F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.

24  2006)).

25    Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a

26  prisoner's pain or possible medical need, and (b) harm caused by the indifference."  Id.

27  The requisite state of mind is one of subjective recklessness, which entails more than

28  ordinary lack of due care.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012) (citation

1  and quotation marks omitted); Wilhelm, 680 F.3d at 1122.  Deliberate indifference may

2  be shown "when prison officials deny, delay or intentionally interfere with medical

3  treatment, or it may be shown by the way in which prison physicians provide medical

4  care."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096) (internal quotation

5  marks omitted).

6  **V.      CONCLUSION AND ORDER**

7        Plaintiff's First Amended Complaint does not state a claim for relief under section

8  1983.  The Court will grant Plaintiff one final opportunity to file an amended complaint.

9  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff opts to amend, he

10  must demonstrate that the alleged acts resulted in a deprivation of his constitutional

11  rights.  Iqbal, 129 S.Ct. at 1948-49.  Plaintiff must set forth "sufficient factual matter . . .

12  to 'state a claim that is plausible on its face.'"  Id. at 1949 (quoting Twombly, 550 U.S. at

13  555 (2007)).  **Plaintiff must also demonstrate that each named Defendant**

14  **personally participated in a deprivation of his rights.**  Jones v. Williams, 297 F.3d

15  930, 934 (9th Cir. 2002).

16        Plaintiff should note that although he has been given the opportunity to amend, it

17  is not for the purposes of adding new claims.  George v. Smith, 507 F.3d 605, 607 (7th

18  Cir. 2007).  Plaintiff should carefully read this Screening Order and focus his efforts on

19  curing the deficiencies set forth above.

20        Finally, Plaintiff is advised that Local Rule 220 requires that an amended

21  complaint be complete in itself without reference to any prior pleading.  As a general

22  rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

23  F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint

24  no longer serves any function in the case.  Therefore, in an amended complaint, as in an

25  original complaint, each claim and the involvement of each defendant must be

26  sufficiently alleged.  The amended complaint should be clearly and boldly titled "Second

27  Amended Complaint," refer to the appropriate case number, and be an original signed

28  under penalty of perjury.  Plaintiff's amended complaint should be brief.  Fed. R. Civ. P.

8(a).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).

      Accordingly, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his First Amended Complaint, filed September 12, 2013;

2.     Plaintiff's First Amended Complaint is dismissed for failure to state a claim upon which relief may be granted;

3.     Plaintiff shall file an amended complaint within thirty (30) days; and

4.     If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated:    September 27, 2013      /s/ *Michael J. Seng*

                           UNITED STATES MAGISTRATE JUDGE