UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANCE LEE BAKER,<br><br>            Plaintiff,<br><br>     v.<br><br>MARGARET MIMS, et al.,<br><br>            Defendants. | CASE NO. 1:13-cv-01020-MJS<br><br>ORDER DISMISSING PLAINTIFF'S SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A COGNIZALBE CLAIM<br><br>(ECF NO. 9)<br><br>CLERK SHALL CLOSE THE CASE |

**SCREENING ORDER**

**I.   PROCEDURAL HISTORY**

On July 2, 2013, Plaintiff Vance Lee Baker, a prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.  (ECF No. 1.) Plaintiff has consented to Magistrate Judge jurisdiction.  (ECF No. 4.)

Plaintiff's Complaint (ECF No. 1) and First Amended Complaint (ECF No. 7) were screened and dismissed, with leave to amend, on August 30, 2013 and September 30, 2013, respectively, for failure to state cognizable claims.  (ECF Nos. 6 and 8.)  Plaintiff's Second Amended Complaint (ECF No. 9) is now before the Court for screening.

1

## II. **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III. **SUMMARY OF SECOND AMENDED COMPLAINT**

The Second Amended Complaint identifies the following officials at the Fresno County Jail as Defendants: (1) Dr. Alfredo Ruva/Caba; (2) Registered Nurse Goody; and (3) unspecified members of the medical staff.

Plaintiff alleges the following:

Plaintiff has a painful hernia in his lower abdomen and has made numerous requests for treatment. Plaintiff has exhausted the inmate grievance procedure and as of this filing has yet to receive medical care for his ongoing pain. The Defendants have exhibited deliberate indifference to Plaintiff's medical needs by delaying, denying, and intentionally interfering with treatment. (Compl. at 2.)

## IV.     ANALYSIS

### A.     Section 1983

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

### B.     Linkage Requirement

Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978). Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 129 S.Ct. at 1948. Since a government official

cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions. Id. at 1948. In other words, to state a claim for relief under § 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

The Second Amended Complaint fails to link any individual with the alleged denial of medical care. Plaintiff repeats his assertion that he has been denied treatment for a serious and painful medical condition but, as was the case in each of the previous complaints, fails to identify any specific example of inadequate medical care by any specific individual. To state a claim under § 1983, Plaintiff must "set forth specific facts as to each individual defendant's" deprivation of protected rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). The pleading provides no description or indication as to how each or any of the Defendants actually denied Plaintiff treatment or actively participated in that denial.

The Court has twice cautioned Plaintiff that his allegations are too broad and vague to state a claim. The instant pleading does not correct the deficiencies. None of the Defendants are mentioned by name or associated with any particular violation. Plaintiff's contention that the Defendants deliberately disregarded his condition, without specific examples of misconduct, is a legal conclusion that the Court cannot accept. Iqbal, 129 S.Ct. at 1949-50. Plaintiff has not presented enough factual allegations to state a plausible claim for relief, Id., .

Plaintiff has twice been advised of the deficiencies in his claim and instructed as to what was needed to correct the shortcomings. He has failed again even though he was instructed that this would be his final opportunity. No useful purpose would be served by giving further leave to amend.

## V.     **CONCLUSION AND ORDER**

For the reasons stated above, the Court finds that Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted and that leave to

4

amend would be futile.  See Noll v. Carson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Accordingly, Plaintiff's Second Amended Complaint is DISMISSED WITH PREJUDICE for failure to state a claim.  The Clerk shall close the case.

IT IS SO ORDERED.

Dated:   October 28, 2013           /s/ *Michael J. Seng*
                                                    UNITED STATES MAGISTRATE JUDGE